## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE SAYLES,       ) | |
|       ) | |
|       **Plaintiff,**      ) | |
|       ) | |
| **v.**      ) | **Case No. 22-CV-0193-CVE-JFJ** |
|       ) | |
| **CITY OF TULSA,**      ) | |
|       ) | |
|       **Defendant.**      ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's pro se complaint (Dkt. # 1). Plaintiff is proceeding pro se and he is seeking "103.5 fees" for what appears to be an alleged violation of a municipal or building code. Dkt. # 1, at 1-2. The complaint identifies the "International Property Maintenance Code" as the basis for subject matter jurisdiction. Plaintiff states that he has notified the Tulsa Police Department (TPD) about a premises located in Tulsa and filed a police report, but it is unclear from plaintiff's allegations what happened after he contacted TPD in April 2020. The complaint contains no additional factual allegations, but he includes citations to the International Property Maintenance Code.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao,

296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff does not attempt to establish that the Court has diversity or federal question jurisdiction over this case, and he cites the "International Property Maintenance Code" as the basis for subject matter jurisdiction. Plaintiff is proceeding <u>pro se</u>, and the Court will broadly construe the complaint to determine if plaintiff has alleged any colorable claim over which this Court could exercise subject matter jurisdiction. Plaintiff states that he is a citizen of Oklahoma and he is suing the City of Tulsa, and there is no diversity of citizenship. Dkt. # 2, at 1-2. He also does not allege that the amount in controversy exceeds $75,000. The Court will also consider whether plaintiff has alleged a claim that could arise under federal law. Plaintiff does reference the TPD in his complaint, but there are no allegations that could be construed as an attempt to assert a claim under 42 U.S.C. § 1983. The complaint is so lacking in factual allegations that the Court cannot discern the factual or legal basis for plaintiff's claims, and the Court will not attempt to construct a claim arising under federal law on plaintiff's behalf. The Court finds that plaintiff has not alleged a colorable claim under federal law and the Court finds that plaintiff's complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 4th day of May, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE